UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

MAY - 7 2013

CLERK, US DISTRICT COURT
NORFOLK, VA

SHANEDA C. SIMPKINS,

    Plaintiff,

v.                                        Civil Action No.2:12cv264

SUNTRUST MORTGAGE, INC.,

and

OLD DOMINION TRUSTEES, INC.,

    Defendants.

### OPINION AND ORDER

This matter is before the Court on a Notice of Removal from
the Circuit Court for the City of Virginia Beach, Virginia, two
Motions to Dismiss pursuant to Federal Rule of Civil Procedure
12(b)(6) filed separately by Defendants SunTrust Mortgage, Inc.
("SunTrust") and Old Dominion Trustees, Inc. ("Old Dominion"
and, collectively with SunTrust, "Defendants"), and a Motion to
Remand filed by Plaintiff Shaneda C. Simpkins ("Simpkins").
Defendants' Notice of Removal alleges that the Court has federal
question jurisdiction over this matter pursuant to 28 U.S.C.
§ 1331 because Simpkins' claims arise under the Home Affordable
Modification Program ("HAMP"), a federal program that provides
federal loan modification regulations and guidelines pursuant to
the Emergency Economic Stabilization Act. 12 U.S.C. § 5201 <u>et</u>

seq. Defendants' Notice of Removal further alleges that the Court has supplemental jurisdiction over any related state-law claims pursuant to 28 U.S.C. § 1367. Defendants' Motions to Dismiss argue that Plaintiff has failed to allege plausible claims for relief because there is no private right of action for alleged violations of HAMP. Simpkins' Motion to Remand disputes this Court's federal question jurisdiction over the action and seeks remand of the matter to state court, arguing that her Amended Bill of Complaint and Petition for Preliminary Injunction ("Amended Complaint") alleges only state-law contract and tort claims. Simpkins' Motion to Remand also seeks attorney's fees in the amount of $2,000.00 for the costs associated with Defendants' allegedly improper removal of this case to federal court.

Although Old Dominion has requested a hearing on its Motion to Dismiss and on Simpkins' Motion to Remand, after examining the Amended Complaint, the motions, and the associated memoranda, the Court finds that the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the Court **GRANTS** Simpkins' Motion to Remand for lack of subject matter jurisdiction and **REMANDS** this matter to the Circuit Court for the City of Virginia Beach, Virginia. Simpkins' request for

2

attorney's fees is **DENIED**.    Finding that subject matter jurisdiction over this action is wanting, the Court does not reach the merits of Defendants' motions to dismiss.

## I.    FACTUAL AND PROCEDURAL HISTORY[1]

Plaintiff Shaneda C. Simpkins owns a tract of land in Virginia Beach, Virginia. Am. Compl. ¶ 4.    On July 31, 2008, Simpkins secured a mortgage loan on the property, which loan was evidenced by a note and secured by a deed of trust.[2]    Id. ¶ 5.

---

[1] The facts recited here are drawn from Simpkins' Complaint and are assumed true for the purpose of deciding the motions currently before the Court. They are not to be considered factual findings for any purpose other than consideration of the pending motions. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) ("[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint."); see also Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 783 n.1 (E.D. Va. 2007) (citing Booth v. Furlough, Inc., 995 F. Supp. 629, 630 (E.D. Va. 1998) and Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)) ("On a motion to remand, because the burden to prove jurisdiction rests on the party opposing remand, the facts are stated in the light most favorable to the party seeking remand.").

[2] The Amended Complaint specifies neither the lender nor the amount of the loan.    Simpkins initially named Wells Fargo Bank, N.A. ("Wells Fargo") as the bank-defendant in this action. Compl. ¶ 3.    However, on April 11, 2012, the Circuit Court for the City of Virginia Beach entered an Order permitting Simpkins to amend her Complaint to add Defendant SunTrust and a separate Order Dismissing Wells Fargo Bank, N.A. on grounds of misjoinder.    See ECF No. 6 Exs. 3-4.    It is unclear based on the facts in the Amended Complaint whether SunTrust is the original lender or merely the current note holder.    However, Defendant Old Dominion represents in its response to Simpkins' Motion to Remand that "[o]n July 31, 2008, Simpkins executed a promissory

3

As a result of Simpkins losing her job in June 2011, her income significantly decreased and she became unable to make timely mortgage payments. Id. ¶ 10. Despite her financial situation, Simpkins was apparently able to bring her loan payments current through November 23, 2011. Id. ¶ 11. However, because she was still unemployed, Simpkins determined that she needed to readjust her loan repayment plan. Id. In December 2011, Simpkins sought a loan modification from SunTrust. Id. ¶ 12. A representative of SunTrust directed Simpkins to complete and return her loan modification application by February 5, 2012. Id. ¶ 13. Simpkins complied with this request. Id. On February 7, 2012, Simpkins received a letter dated February 3, 2012 accelerating her loan and declaring intent to foreclose.[3] Id. ¶ 14. Simpkins received no further requests for documents or additional information concerning her application for a loan modification. Id. ¶ 15.

On April 9, 2012, Simpkins hired the law firm of Heath J. Thompson, P.C. ("HJT") to represent her in obtaining the loan

---

note ... payable to SunTrust ... in the amount of $171,281.00. ECF No. 14, ¶ 5. In its separately filed motion to dismiss, Old Dominion states that SunTrust appointed it substitute trustee under Simpkins' deed of trust. ECF No. 4 at 2.

[3] The Amended Complaint fails to specify who sent the letter to Simpkins. In light of the Amended Complaint's preceding and following references to the "Bank," the Court presumes that SunTrust sent the letter.

modification that SunTrust had not yet processed.  Id. ¶ 16.  On April 10, 2012, Simpkins (through HJT) filed a Bill of Complaint and Emergency Petition for Preliminary Injunction ("Complaint") in the Circuit Court for the City of Virginia Beach, Virginia. The Complaint alleged various state-law contract and torts claims against Wells Fargo and Old Dominion, specifically: (1) breach of contract for good faith and fair dealing on the promissory note ("Count One"); (2) breach of the duty to mitigate damages ("Count Two"); and (3) breach of the deed of trust ("Count Three").  The Complaint also sought a preliminary injunction enjoining Wells Fargo and Old Dominion from instituting foreclosure proceedings.  On April 11, 2012, Simpkins filed a Motion for Leave to Amend her Complaint to correct an error, which listed Wells Fargo instead of SunTrust as the bank-defendant.  ECF No. 6 Ex. 1.  That same day, the Circuit Court for the City of Virginia Beach entered an Order to Amend and an Order to Dismiss on Grounds of Misjoinder, which Orders permitted Simpkins to substitute SunTrust as the proper party in interest and to replace all references to Wells Fargo with corresponding references to SunTrust.  Id. Exs. 3-4.

On May 10, 2012, and with the consent of both Wells Fargo and SunTrust, Old Dominion filed a Notice of Removal, removing the instant action to this Court.  ECF No. 1.  The Notice of Removal claims that this Court has subject matter jurisdiction

over the action because Simpkins' claims implicate substantial questions of federal law, and thus "aris[e] under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331. See id. ¶ 3. On the same day it effected removal, Old Dominion filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 3. On May 18, 2012, Old Dominion filed a second notice submitting copies of Simpkins' Motion for Leave to Amend her Complaint and of the corresponding Orders issued by the Circuit Court for the City of Virginia Beach. ECF No. 6. After receiving an extension of time for filing, Simpkins filed her response to Old Dominion's Motion to Dismiss on June 14, 2012. ECF No. 11. Old Dominion has failed to file any further reply concerning its Motion to Dismiss, but did file a request for a hearing on such motion on July 11, 2012. ECF No. 16. The time for further filing has now passed. Accordingly, Old Dominion's Motion to Dismiss is ripe for this Court's review.

On June 14, 2012, Simpkins filed a Motion to Remand the instant action pursuant to 28 U.S.C. § 1447(c). ECF No. 12. In her Memorandum of Law in Support of Motion to Remand, Simpkins argues that Defendants improperly removed this case to federal court. ECF No. 13. Simpkins also requests attorney's fees in the amount of $2,000.00 pursuant to 28 U.S.C. § 1447(c). Id. Old Dominion filed a Response in Opposition to Simpkins' Motion

to Remand on June 25, 2012. ECF No. 14. Simpkins failed to file any further reply. On July 10, 2012, Old Dominion requested a hearing on Simpkins' Motion to Remand. ECF No. 15. The time for further filing has now passed. Accordingly, Simpkins' Motion to Remand is also ripe for review.

On July 25, 2012, the Summons issued to SunTrust was returned as executed. ECF No. 17. On August 2, 2012, SunTrust filed its own Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] ECF No. 18. Simpkins failed to respond to such motion. As no further briefings concerning such motion have been filed and the time for filing has passed, SunTrust's Motion to Dismiss is now ripe for review.

## II. STANDARD OF REVIEW

Federal district courts are courts of limited subject matter jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (citing Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005)). They may exercise "only the jurisdiction authorized them by the United States Constitution and by federal statute." Id. (citing Bowles v. Russell, 551 U.S. 205 (2007)). Accordingly, this Court must determine first whether it has jurisdiction over the claims at issue. See Steel Co. v. Citizens for a Better Env't, 523 U.S.

---

[4] SunTrust did not seek leave to file responses concerning either Old Dominion's Motion to Dismiss or Simpkins' Motion to Remand.

7

83, 94-95 (1998) (quoting Manfield, C. & L.M.R. Co. v. Swan, 111

U.S. 379, 382 (1884)) ("The requirement that jurisdiction be

established as a threshold matter 'spring[s] from the nature and

limits of the judicial power of the United States' and is

'inflexible and without exception.'").

Section 1441 of Title 28, United States Code, provides

that:

[A]ny civil action brought in a State court of which
the district courts of the United States have original
jurisdiction, may be removed by the defendant or the
defendants to the district court of the United States
for the district and division embracing the place
where such action is pending.

28 U.S.C. § 1441(a). A defendant is permitted to remove a state

court action to federal court only if the plaintiff could have

originally filed such action in federal court. Caterpillar Inc.

v. Williams, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441).

Removal implicates significant federalism concerns and,

accordingly, requires district courts to construe the removal

statute strictly against removal. Campbell v. Hampton Roads

Bankshares, Inc., __ F. Supp. 2d __, No. 2:12cv567, 2013 WL

652427, at *1 (E.D. Va. Feb. 19, 2013) (citing Venezuela, 525 F.

Supp. 2d at 784). As the parties seeking removal, Defendants

bear the burden of establishing federal jurisdiction. Ellenburg

v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir.

2008) (quoting In re Blackwater Sec. Consulting, LLC, 460 F.3d

576, 583 (4th Cir. 2006)). This burden "is no greater than [that] required to establish federal question jurisdiction as alleged in a [federal court] complaint." Id. However, if jurisdiction is doubtful, remand is necessary. See Mulcahey v. Columbia Organic Chems, Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

The Notice of Removal alleges that this Court may exercise original jurisdiction over the instant action pursuant to 28 U.S.C. § 1331.[5] Federal question jurisdiction exists under 28 U.S.C. § 1331 if a plaintiff's claims are ones "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded complaint rule has long governed whether a case 'arises under' federal law for the purposes of § 1331." Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002). Under the well-pleaded complaint rule, "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Campbell, 2013 WL 652427, at *2 (quoting Venezuela, 525 F. Supp. 2d at 784).

In the "vast majority" of cases, a cause of action "arises under" the law that creates it. Dixon v. Coburg Dairy, Inc.,

---

[5] Defendants do not allege diversity of citizenship jurisdiction as a ground of federal jurisdiction pursuant to 28 U.S.C. § 1332, and thus, the Court will only consider whether federal question jurisdiction exists.

369 F.3d 811, 816 (4th Cir. 2004). Thus, the first step in a court's jurisdictional inquiry is to "discern whether federal or state law creates the cause of action." Mulcahey, 29 F.3d at 151. When it is apparent from the face of a plaintiff's complaint that federal law creates the cause of action, federal courts "unquestionably have federal subject matter jurisdiction." Id. If, however, state law creates the cause of action, federal question jurisdiction will lie only if "it 'appears from the [complaint] that the right to relief depends upon the construction or application of [federal law].'" Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005) (quoting Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921)). This standard is met in only a "'special and small category' of cases." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)). Specifically, a right to relief depends upon the construction or application of federal law if "a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. at 1065. For a claim to "necessarily raise[]" a federal issue, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of

10

action." _Franchise Tax Bd. v. Constr. Laborers Vacation Trust_, 463 U.S. 1, 10-11 (1983) (quoting _Gully v. First Nat'l Bank_, 299 U.S. 109, 112 (1936)).

If the Court has federal question jurisdiction over the claims at issue, the Court may also exercise supplemental jurisdiction over the state-law aspects of a plaintiff's claims (pursuant to 28 U.S.C. § 1367) if such claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, if no valid federal claim is asserted, then exercising supplemental jurisdiction (though permissible) would be improper, for "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." _United Mine Workers v. Gibbs_, 383 U.S. 715, 726 (1966); _see also_ 28 U.S.C. § 1367(c)(3).

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." _Arbaugh v. Y & H Corp._, 546 U.S. 500, 514 (2006). This principle is embodied in Federal Rule of Civil Procedure 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court has

an independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, must "raise lack of subject-matter jurisdiction on its own motion," without regard to the positions of the parties. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); accord Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997) (citing North Carolina v. Ivory, 906 F.2d 999, 1000 n.1 (4th Cir. 1990)) ("[Q]uestions concerning subject-matter jurisdiction may be raised at any time by either party or sua sponte by [the] court."); UTrue, Inc. v. Page One Sci., Inc., 457 F. Supp. 2d 688, 689 (E.D. Va. 2006) (quoting Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999)) ("[F]ederal courts are obligated to confront and address jurisdictional defects sua sponte 'whenever it appears the court lacks subject matter jurisdiction'"). This principle is embodied in paragraph (c) of 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. DISCUSSION

As noted above, Defendants have removed this case to federal court solely on the ground of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal ¶ 3. Simpkins argues that "federal question jurisdiction is

12

improper because Plaintiffs' [sic] claims rely on state law theories of contracts and tort, not potential alternative federal law theories of liability." ECF No. 13 at 4. Defendants respond that Counts One and Three arise under federal law—namely, HAMP—and that the Court has supplemental jurisdiction over Count Two and Simpkins' request for preliminary injunctive relief. ECF No. 14 at 5-9. In support of this argument, Defendants assert, with respect to Count One, that "a claim for breach of the duty of good faith and fair dealing is not recognized under Virginia law" and therefore can only be interpreted as "aris[ing] entirely under federal law." Id. at 5-6. Regarding Count Three, which alleges a breach of the deed of trust, Defendants claim that Simpkins' failure to cite the deed of trust while citing HAMP provisions shows that Simpkins seeks to "impose[] obligations that supersede and/or, are in addition to, the obligations set forth in the deed of trust" and, therefore, her claim "rest[s] solely on determination as to whether Defendants have violated federal law." Id. at 6-7.

As a threshold matter, the Court observes that Simpkins has challenged the Court's jurisdiction by moving to remand the case to state court. Even absent such a challenge, the Court would be required to independently consider whether it has subject matter jurisdiction over this action, pursuant to the well-

established principles of federal law concerning the Court's limited jurisdiction. See, e.g., UTrue, 457 F. Supp. 2d at 689 (quoting Lovern, 190 F.3d at 654).

The first step in the Court's jurisdictional inquiry is to "discern whether federal or state law creates [Simpkins'] cause[s] of action." Mulcahey, 29 F.3d at 151. Defendants argue in the alternative that Counts One and Three "[a]rise[] under federal law" and/or necessarily depend on the construction or application of federal law for their resolution. ECF No. 14 at 5-6. Thus, Defendants first contend that federal law creates the causes of action asserted in these counts. Such argument is without merit. Counts One and Three each allege breach of contract claims based on the Defendants' alleged breach of their obligations under both the promissory note and the deed of trust. Breach of contract is an action created by state law. See Melton v. Suntrust Bank, 780 F. Supp. 2d 458, 459 (E.D. Va. 2011) (citing Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 806 (4th Cir. 1996)) (finding that the plaintiffs' breach of contract and negligent processing claims, which included references to HAMP, were not created by federal law and further finding that "HAMP appear[ed] to merely form part of the backdrop of an otherwise purely state law dispute"). Defendants' allegation that Simpkins has failed to sufficiently plead state-law breach of contract claims in Counts One and

Three presents a question as to the merits of such claims. It does not undermine the well-established view that state law—as opposed to federal law—creates such causes of action.

Although Simpkins alleges only state-law claims, her Amended Complaint also frequently refers to HAMP procedures and guidelines. However, for the following reasons, and consistent with its prior decisions, the Court concludes that the <u>mere reference</u> to HAMP procedures and guidelines in state-law breach of contract and tort claims is not sufficient to create federal question subject matter jurisdiction over this matter. <u>See</u> 28 U.S.C. § 1331.

To fully understand how a complaint's allegations affect the manner of addressing cases that involve HAMP, it is important to start with a discussion of whether HAMP creates a private right of action. Federal courts have uniformly held that relief cannot be granted to private plaintiffs for HAMP claims, because HAMP created no private cause of action for borrowers against lenders, but instead delegated compliance authority to Freddie Mac. <u>See</u> <u>Spaulding v. Wells Fargo Bank, N.A.</u>, ___ F.3d ___, No. 12-1973, 2013 WL 1694549, at *5 n.4 (4th Cir. Apr. 19, 2013) (observing that "HAMP does not provide a private right of action"); <u>see also</u> <u>Bourdelais v. J.P. Morgan Chase Bank</u>, ___ F.3d ___, No. 3:10cv670, 2011 WL 1306311, at *3 (E.D. Va. Apr. 1, 2011) ("Courts universally rejected these

15

claims on the ground that HAMP does not create a private right of action for borrowers against lenders and servicers."); Pennington v. PNC Mortg., No. 2:10cv361, 2010 WL 8741958, at *4 (E.D. Va. Aug. 11, 2010) ("The applicable statute, 12 U.S.C. § 5229, does not expressly create a private right of action against participating mortgage servicers. Instead, it allows those aggrieved by the actions of the Treasury Department to sue the Secretary of the Treasury.... The creation of this private right of action against the Secretary of the Treasury, coupled with the delegation of enforcement authority to Freddie Mac, strongly implies that Congress did not intend to create a separate cause of action against participating mortgage servicers.").

The absence of such a private right of action impacts the Court's analysis of allegedly deficient claims in different ways, depending on how HAMP is included in a complaint's allegations. For example, in cases that directly allege causes of action for violations of HAMP itself, this Court has inferred the existence of federal question subject matter jurisdiction and dismissed the claims on the basis of Rule 12(b)(6) for failure to state a claim upon which relief can be granted. See Fowler v. Aurora Home Loans, No. 2:10cv623, 2011 WL 9210455, at *2 (E.D. Va. Mar. 31, 2011). However, when presented with removed cases that allege state-law breach of contract and tort

16

claims that merely reference HAMP guidelines and procedures, this Court has consistently held that it lacks federal question subject matter jurisdiction over such claims. Asbury v. America's Servicing Co., No. 2:11cv99, 2011 WL 3555846, at *3 (E.D. Va. July 13, 2011) (finding that "no private cause of action exists under HAMP, and congressional intent would be frustrated by this Court exercising federal question jurisdiction"); Paine v. Wells Fargo Bank, No. 2:11cv89, 2011 WL 3236390, at *4 (E.D. Va. July 12, 2011) (finding "that Plaintiffs' right to relief for the state-law claims does not necessarily depend on resolution of a substantial question of federal law, particularly where federal law does not create a private right of action"); see also Sherman v. Litton Loan Servicing, 796 F. Supp. 2d 753, 761 (E.D. Va. 2011) (noting that the matter would have been dismissed for lack of subject matter jurisdiction had diversity of citizenship not provided an alternate jurisdictional basis).

Simpkins' removed Amended Complaint alleges only state-law contract and tort claims, not a federal cause of action under HAMP.[6] Therefore, because Simpkins' Amended Complaint merely references HAMP guidelines and procedures, and does not attempt

---

[6] Indeed, as stated above, even if Simpkins' Amended Complaint could be construed to allege a cause of action arising under HAMP, any such claims would fail on their merits because HAMP does not provide such a private right of action. See Spaulding, 2013 WL 1694549, at *5 n.4.

to directly allege a federal cause of action for HAMP violations, the Court concludes that there is no federal question subject matter jurisdiction. In other words, Simpkins' right to relief for her state-law claims does not necessarily depend on the resolution of a substantial question of federal law, because HAMP creates no rights or immunities and therefore cannot serve as an essential element of any such claim. See Franchise Tax Bd., 463 U.S. at 10-11 (quoting Gully, 299 U.S. at 112) ("[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."). HAMP does not create Simpkins' causes of action and Simpkins "can establish, without the resolution of [HAMP], all of the essential elements of h[er] state law claim[s]." Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (citing Franchise Tax Bd., 463 U.S. at 13-14). Accordingly, the Court finds that none of Simpkins' state-law causes of action "necessarily raise[]" a federal issue and, thus, that federal question jurisdiction does not lie over the Amended Complaint.[7]    Because the Court finds that it lacks

---

[7] Because the Court concludes that is lacks jurisdiction over this action, the Court expresses no opinion as to whether Simpkins has sufficiently pled her state-law claims in light of the well-established conclusion that HAMP creates no federal rights or immunities and therefore cannot "define[] the obligation that [Defendants are] alleged to have breach[ed]". ECF No. 14 at 6.

18

original jurisdiction over any of the claims stated in the Amended Complaint, it declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367. See Gibbs, 383 U.S. at 726; see also 28 U.S.C. § 1367(c)(3).

In light of the Court's conclusion that it lacks subject matter jurisdiction over Simpkins' claims in this matter, the Court does not reach a decision regarding Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim. Instead, the Court will grant Simpkins' Motion to Remand pursuant to 28 U.S.C. § 1447(c) and will remand this action to the Circuit Court for the City of Virginia Beach, Virginia.

## IV.  REQUEST FOR ATTORNEYS' FEES

The Court now turns to Simpkins' request for attorneys' fees in the amount of $2,000, as set forth in her Motion to Remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The test for requiring payment of attorneys' fees "should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id.

19

Although district courts within the Fourth Circuit have repeatedly dismissed cases substantially identical to the instant one—many filed by Simpkins' counsel, HJT—the United States Court of Appeals for the Fourth Circuit has not yet addressed the issue of whether such cases may properly be removed to federal court on the theory that state-law claims merely referencing HAMP procedures and guidelines invoke federal question subject matter jurisdiction.[8]  Therefore, in the absence of controlling precedent to the contrary, Defendants' removal of the instant case to this Court cannot be said to be objectively unreasonable.  See Kluksdahl v. Muro Pharm., Inc., 886 F. Supp. 535, 540 (E.D. Va. 1995) (denying plaintiff's request for costs and fees in removal of a case to federal court when district courts had addressed a question but the Fourth Circuit had not yet considered the question).  Consequently, Simpkins' request for attorneys' fees will be denied.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand for lack of subject matter jurisdiction, and hereby **REMANDS** this matter to the Circuit Court for the City of

---

[8] Although, the Court notes that the Fourth Circuit recently affirmed a district court's dismissal of such claims under Federal Rule of Civil Procedure 12(b)(6) where the district court was properly exercising diversity jurisdiction over the action.  See Spaulding, 2013 WL 1694549, at *4, 10.

Virginia Beach, Virginia. Additionally, the Court **DENIES** Plaintiff's request for attorneys' fees.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

IT IS SO ORDERED.

_____ /s/

Mark S. Davis
United States District Judge

Norfolk, Virginia
May ٦ , 2013